## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MENACHEM SILBER,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>　　　　　　　　　　Defendant. | Civil Case No.<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT<br><br>JURY TRIAL DEMANDED |

Plaintiff Menachem Silber ("Plaintiff") brings this action against defendant Experian Information Solutions, Inc. ("Experian" or "Defendant"), and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

### INTRODUCTION

1.　This is an action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

2.　Experian has been selling consumer background reports (commonly called "credit reports") about Plaintiff containing the credit and personal information belonging to a completely different person. This has prevented Plaintiff from obtaining credit cards and has forced him to spend time and resources to correct his credit report.

3.　The mixed file in this case was not a fluke. Rather, it was caused by Defendant's failure to devise, implement, and follow reasonable procedures to ensure the maximum possible accuracy of the information contained on Plaintiff's credit report.

### PARTIES

4.　Plaintiff resides in Brooklyn, NY and qualifies as a "consumer" as defined and protected by the FCRA. Plaintiff is an individual, not an entity.

5. Defendant Experian is a foreign corporation that regularly conducts business in this District. Experian qualifies as a "consumer reporting agency" ("CRA") under the FCRA.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction under the FCRA, 15 U.S.C. §1681p, and 28 U.S.C. § 1331.

7. Venue is proper in this judicial district under 28 U.S.C. §1391(b).

## STATEMENT OF FACTS

*Experian's Flawed Policies for Reporting Consumer Information*

8. Experian is regulated by the FCRA and sells credit reports about thousands of consumers. As a regulated CRA, Experian failed to follow reasonable procedures to ensure the maximum possible accuracy regarding the information it sells about consumers. *See* 15 U.S.C. § 1681e(b).

9. One of the most well-known, grievous, and prevalent inaccuracies that occur in the consumer reporting industry is a "mixed file."

10. A mixed file is a consumer report in which some or all of the information in the report pertains to an individual who is not the subject of the report.

11. One of the main causes of mixed files is the failure of a CRA to use full identifying information to match records to the personal identifying information of consumers who are the subjects of its reports.

12. Experian's standard practice is to use only partial matching and not full identifying information in preparing consumer reports. For instance, Experian does not require a match to full identifying information (such as full last name and first name; middle initial; full street address; zip code; year of birth; any generational designation; and social security number) before preparing a report that it attributes to a particular consumer and sells about that consumer.

13. Moreover, Experian employs policies and procedures that do not include the use of a reasonable number of identifiers, or even a precise first and last name, and that frequently allow the information belonging to one consumer to appear in the consumer file of another.

14. Experian does not require that the identifiers that it does use to match character-for-character. For example, Experian does not require names to match character-for-character.

15. Experian employs these loose matching procedures in order to maximize the number of reports which contain information, accurate or not. Experian intentionally employs procedures that maximize the likelihood of a match between any inquiry and some data in its database about one or more consumers, purposefully prioritizing quantity of matches over accuracy of matches.

16. Experian has used the same matching procedure to create many consumer reports which include criminal records for which the name of the criminal does not match the name of the individual who is the subject of the report. These mismatches are obvious from the face of the reports.

17. Experian's reporting of inaccurate public record information is not accidental, nor just a result of simple negligence, but a result of deliberately designed policies and procedures.

*Plaintiff is Denied Credit Due to the Mixed File*

18. Plaintiff is an American citizen who lived in Israel until from 2000 through 2020. Plaintiff returned to the United States in or around August 2020 to pursue his studies.

19. On September 15, 2020, Plaintiff visited a Bank of America branch and opened a checking and savings account.

20. At the same time, and with the assistance of a Bank of America banker, Plaintiff applied for a Bank of America credit card but his application was denied.

21. About a month later, Plaintiff filed a new application for an American Express credit card. That application, too, was denied.

22. At the advice of the Bank of America representative, Plaintiff then applied for a secured credit card. Plaintiff's application was not immediately granted, but the representative advised him that he could expect a card in the mail within ten days. That didn't happen.

23. So Plaintiff went back to the branch and learned that his application for a secured credit card was also denied. The representative informed Plaintiff that it was extremely unusual for any consumer to be declined for a secured credit card.

24. A colleague suggested that Plaintiff pull his credit report to determine if some other issue was preventing Plaintiff from successfully applying for credit.

25. Plaintiff obtained a copy of his Experian credit report, and learned that the report contained personal and account information that did not belong to Plaintiff, as follows:

   a. The report indicated that Plaintiff had a Bank of America credit card. The account was opened on April 27, 2018, had a $3,200 credit limit, and had a $274 balance. That card, however, did not belong to Plaintiff.

   b. Although Plaintiff was born in 2000, the report indicated that he was born in 1996.

   c. Plaintiff's name is Menachem Silber. The name displayed at the top of Plaintiff's credit report was Menachem Silberberg.

   d. Plaintiff resides in Brooklyn, NY 11213. The report indicated that Plaintiff was associated with two addresses that Plaintiff has never lived at: (i) 481 Crown Street, Apartment 56, Brooklyn, NY 11213; and (ii) 556 Crown Street, Apartment 2, Brooklyn, NY 11213.

26. On January 15, 2021, Plaintiff again attempted to apply credit from Chase Bank, but was denied based on a credit report prepared by Experian.

27. On February 11, 2021, Plaintiff sent a dispute letter to Experian explaining that another person's information was erroneously included on his credit report, and asking Experian to delete the inaccurate information.

28. On February 24 2021, Plaintiff called Bank of America to learn more information about the account.

29. Plaintiff first spoke with a representative of Bank of America's Checking Account department. The first representative confirmed that the only accounts associated with Plaintiff were the checking and savings account opened in 9/15/2020.

30. The representative stated that there was no credit card associated with Plaintiff's profile, but transferred Plaintiff to a member of Bank of America's Credit Card division. The second representative also confirmed that there was no Bank of America credit card associated with Plaintiff's profile.

31. In total, it took Plaintiff roughly ten minutes on the phone with Bank of America representatives to confirm that the other account was not his.

32. Plaintiff sent a second dispute letter to Experian, which was delivered on March 12, 2021. Again, the letter identified the inaccurate Bank of America account and inaccurate personal identifying information, and asked that it be removed.

33. The receipt of Plaintiff's dispute letter triggered Experian's obligation to conduct an investigation and remove the inaccurate information from Plaintiff's credit report.

34. As of April 20, 2021, Experian is still reporting the inaccurate Bank of America account and personal identifying information on Plaintiff's credit report, and Plaintiff's credit report remains uncorrected.

35. Plaintiff has been forced to deal with the aggravation and humiliation of not being able to obtain a credit.

36. Furthermore, Plaintiff has endured emotional distress which has caused him to spend significant time trying to resolve the credit reporting issues. Plaintiff has also lost sleep over the inaccurate reporting and inability to get credit. Accordingly, Plaintiff is entitled to damages.

## FIRST CAUSE OF ACTION

### Against Experian for Violations of 15 U.S.C. §1681e(b) and §1681i

37. Plaintiff repeats and realleges the above allegations as if set forth in full herein.

38. Under 15 U.S.C. §§ 1681n and 1681o of the FCRA, Experian is liable to Plaintiff for negligently and willfully failing to follow reasonable procedures to ensure the maximum possible accuracy of the information concerning the individual about whom a consumer report relates, in violation of 15 U.S.C. § 1681e(b).  Specifically, Experian failed to follow reasonable procedures to assure maximum possible accuracy by using loose matching criteria which permitted consumer credit information which do not pertain to Plaintiff to nonetheless appear on the Plaintiff's credit report.

39. Under 15 U.S.C. §§ 1681n and 1681o of the FCRA, Experian is liable to Plaintiff for negligently and willfully failing to conduct a reasonable reinvestigation to determine whether disputed information is inaccurate.  Indeed, even if Experian had just called Bank of America to ask if the account belonged to Plaintiff, it would have learned that the Bank of America account belonged to a different consumer, and would have removed that account and related personal identifying information from Plaintiff's credit report.

40. Plaintiff is thus entitled to actual damages, statutory damages, punitive damages, attorney's fees, and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

1. Awarding Plaintiff monetary damages, actual damages, and punitive damages, including pre-judgment and post-judgment interest;

2. Awarding attorneys' fees, costs, and expenses, and

3. Awarding such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: May 5, 2021                    Respectfully submitted,

**COHEN & MIZRAHI LLP**

*/s/ Edward Y. Kroub*
Edward Y. Kroub
Moshe O. Boroosan
300 Cadman Plaza West, 12th Floor
Brooklyn, New York 11201
Telephone: 929/575-4175
929/575-4195 (fax)
ekroub@cmlattorneys.com
mboroosan@cmlattorneys.com

*Attorneys for Plaintiff*