

Edward Y. Kroub – Attorney
300 Cadman Plaza W, 12th Floor
Brooklyn, NY 11201
P: 929-575-4175 | F: 929-575-4195
E: Edward@cml.legal | W: cml.legal

June 17, 2021

**VIA ECF**

Hon. Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Silber v. Experian Information Solutions, Inc.*, Case No. 1:21-cv-02503-BMC
The Parties' Pre-Conference Joint Letter

Dear Judge Cogan:

Plaintiff Menachem Silber ("Plaintiff") and defendant Experian Information Solutions, Inc. ("Experian" or "Defendant") hereby submit this joint letter in advance of the upcoming June 22, 2021 initial pre-trial conference.

1. **Brief Description of the Factual, Jurisdictional, and Legal Basis of the Claim**

   **Plaintiff's Statement**

   This is an action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA"). Jurisdiction is proper under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1681p, and venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). Plaintiff resides in Brooklyn, NY and qualifies as a "consumer" as defined and protected by the FCRA.

   Experian has been selling consumer background reports (commonly called "credit reports") about Plaintiff containing the credit and personal information belonging to a completely different person. This is one of the most well-known, grievous, and prevalent inaccuracies that occur in the consumer reporting industry is a "mixed file." One of the main causes of mixed files is the failure of a credit bureau to use full identifying information to match records to the personal identifying information of consumers who are the subjects of its reports.

   Experian subjected Plaintiff to a "mixed file". Plaintiff's credit file reflected a name, addresses, year of birth, and accounts belonging to a Menachem Silberberg, not Plaintiff *Menachem Silber*. That this is a "mixed file" is not mere conjecture or due to a misspelling of Plaintiff's name; rather, Plaintiff has confirmed with one *Menachem Silberberg*, another man in his 20s, that account and background information appearing on Plaintiff's consumer report belongs to him. This has prevented Plaintiff from obtaining credit cards and has forced him to spend time

Hon. Brian Cogan
June 17, 2021
Page 2

and resources to correct his credit report. Plaintiff twice submitted dispute letters to Experian – on February 11, 2021, and March 12, 2021 – requesting that Experian delete the inaccurate information. As of April 2021, Experian is still reporting the inaccurate information.

The mixed file in this case was not a fluke. Rather, it was caused by Defendant's failure to devise, implement, and follow reasonable procedures to ensure the maximum possible accuracy of the information contained on Plaintiff's credit report. For example, Experian employs these loose matching procedures in order to maximize the number of reports which contain information, accurate or not. Experian intentionally employs procedures that maximize the likelihood of a match between any inquiry and some data in its database about one or more consumers, purposefully prioritizing quantity of matches over accuracy of matches.

Thus, Experian violated 15 U.S.C. §1681e(b) and §1681i of the FCRA by failing to conduct a reasonable investigation of Plaintiff's dispute and failing to maintain reasonable procedures to ensure the maximum possible accuracy of the information on its consumer reports.

Because of Experian's "mixed file," Plaintiff was later unable to open a JPMorgan Chase Bank, N.A. account, and continues to deal with the aggravation and humiliation of not being able to obtain a credit. Plaintiff has endured emotional distress, lost sleep, and expended significant time and efforts attempting to clear-up Experian's error. Accordingly, Plaintiff is entitled to damages.

**Experian's Statement**

As discovery has not yet commenced, Experian Information Solutions, Inc. ("Experian") cannot provide the Court with a complete factual background of the case as it relates specifically to Plaintiff. Thus, Experian submits this statement based on facts known to it at this time without waiving any defense and reserves the right to supplement this statement once discovery progresses and additional facts are developed.

This is a credit reporting case under the federal Fair Credit Reporting Act ("FCRA"). Experian is a "consumer reporting agency" as that term is defined by the FCRA. Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others. Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms.

Plaintiff's §1681e claim regarding Experian's failure to follow reasonable procedures is without merit. The FCRA is not a strict liability statute and does not require consumer reporting agencies, like Experian, to maintain error-free credit reporting. Rather, the FCRA requires consumer reporting agencies to maintain and follow reasonable procedures to assure the maximum possible accuracy of the information they report on consumers. Experian's entire business model and existence as a credit reporting agency requires that it maintain reasonable procedures which

Hon. Brian Cogan
June 17, 2021
Page 3

are designated to ensure the maximum possible accuracy of information that it assembles, stores, and reports.

In the instant case, it is not yet clear if Plaintiff's file was mixed with another consumer's file. A true mixed file requires that two or more consumers' credit information be merged within one Personal Identification Number (PIN) in Experian's internal databases. Name variations and/or incorrect addresses displaying on a consumer report does not mean that their file is mixed. A consumer may have changed their last name due to marriage; inconsistently applied for credit using different iterations of the consumer's name (for instance, applying for credit with a middle initial versus full middle name); or underwent a name change for other reasons.

Likewise, simply because a consumer disputes ownership of an account does not mean that Plaintiff's file was mixed with another consumer's.

In this matter, Plaintiff's contends that Experian willfully and/or negligently reported information related to Menachem Silberberg (rather than Menachem Silber). However, both individuals reside (or have resided) at identical zip codes in Brooklyn, NY; both individuals are similarly aged; and current evidence suggests that Plaintiff only disputes the accuracy of one account appearing on Plaintiff's consumer file.

Finally, Plaintiff has no damage claims against Experian. At all times, Experian acted in good faith and without malice or intent to injure Plaintiff and did not act negligently. Therefore, Experian has no liability in this case. Experian further denies it was the proximate cause of any damages alleged by Plaintiff.

2. **Contemplated and Outstanding Motions**

No motions are outstanding at this time. Plaintiff anticipates potentially a filing a motion for summary judgement at the end of discovery, and reserves the right to file a dispositive motion. Experian anticipates filing a motion for summary judgment at the end of discovery, and reserves the right to file dispositive motions.

Hon. Brian Cogan
June 17, 2021
Page 4

Dated: June 22, 2021

| **COHEN & MIZRAHI LLP** | **JONES DAY** |
|---|---|
| */s/ Edward Y. Kroub* | */s/ Neil Conner Scott* |
| EDWARD Y. KROUB | NEIL CONNER SCOTT |
| | |
| 300 Cadman Plaza West, 12th Floor | 250 Vesey Street |
| Brooklyn, NY 11201 | New York, NY 10281 |
| Telephone: 929/575-4175 | 814-221-2155 |
| 929/575-4195 (fax) | Nscott@jonesday.com |
| moshe@cml.legal | |
| | *Attorneys for Defendant Experian Information Solutions, Inc* |
| *Attorneys for Plaintiff* | |